FILED - USDC -NH
2022 MAY 20 PM 12:40

5683

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Trooper Hawley Rae , Melissa Countway              JURY TRIAL REQUESTED

JURISDICTION

1.   This action is broght pursuant t 42 U.S.C. 1983.  Jurisdiction is founded upon 28 U.S.C. 133` (1x3x4).

PARTIES

2.   Josephine Amatucci, P. O. Box 272, Wolfeboro Falls, NH 03896

3.   Trooper Hawley Rae #1216, New Hampshre State Police, 139 Iron Works Road Concord, NH 03301.

4.   Melissa Countway, INDIVIDUALLY, The State of NH circuit Court 3rd Circuit, district diviision, 96 Water Village Road , box 2 Ossipee NH 03864

RELEVANT FACTS

5.   Defendant Trooper Rae filed a Complaint to the Department of Safety requesting that the Plaintiff be re-tested, basing her Complaint on the age of the Plaintiff, stating that age was a consideration of the mental health, and

1  of 39 PAGES

physical ability to drive. And such being a threat to the safety of the public. However, by considering a person's age for her ability to drive a vehicle is a violation of NH Statute 263:7 for Reexamination.

6. Under this Chapter, it states that the director may require WITH CAUSE any person holding a license to drive motor vehicles to pass such examination, as to the person's qualifications, as the director ......SHALL DESCRIBE......however the Statute makes it clear that ......."THE AGE OF THE LICENSE HOLDER SHALL NOT CONSTITUTE CAUSE FOR REEXAMINATION"

7. Under the law this Act by the Trooper is DISCRIMINATION, when New Hamphsire law state's a persons age cannot be used against them as a claim to revoke someone's licence.

8. The Trooper also complained to the reaction of the Plaintiff when the Trooper accused her of a traffic violation, stating that such a reaction shows a mental incapability of knowing right from wrong. When the truth was the Plaintiff eventually proved at a hearing that she was NOT GUILTY of violation of the traffic laws.

9. And that to dispute a traffic violation is a CONSTITUTIONAL LIBERTY RIGHT, a Due Process right, a right to freedom. Defending your rights is not conduct to be re-tested. Defending your rights is not a concern for someone's mental health to drive. As age alone does not indicate the declining of a person's mental and physical health. That therefore, under the law, there is no threat to the safety of the public when a person defends her civil rights.

10. Defendant Countway held a trial on December 1, 2021 under Case 464-2021-00559 at the NH Circuit Court 3rd Circuit, and the hearing was to basically determine if the Plaintiff violated NH Statute 265:22, Yellow/Solid Line violation,

which was indicated by the Trooper that the Plaintiff violated this statute by making a turn on a yellow/solid line. However, there was a DOUBLE solid line on the road not a Yellow/Solid Line, an the Plaintiff had a legal right to make a U-turn on a double yellow line.

11. Ms.Countway committed a fraudulent misrerpresentation, a void judgment, and in doing so lost jurisdiction which makes her judgment to find the Plaintiff guilty Void of no Legal Force. When she violated the Plaintiff's civil rights by allowing the trooper the right to issue a traffic violation under the wrong statute, and by finding the Plaintiff guilty under NH Statute 265:22, which was not applicable in the case, and especially where Countway knew from a photograph of the road, before her, that the line was a double yellow line on the road and not a Yellow/Solid Line. And in doing so Ms. Countway opened the door for the trooper to accuse the Plaintiff of mental incapacities. Ms. Countway's judgments are void of no legal force, when she misrepresented the Statute , and ignored that under New Hampshire law, the Plaintiff had a legal right to make a U-turn on a line that was a DOUBLE YELLOW and not a Yellow/Solid line.

12. The Plaintiff was accused of not stopping at a stop sign, when the truth is she did stop at the stop sign, as the Plaintiff indicated not stopping and not looking both ways on such a road, before proceeding, would be committing suicide.

13. In her defense at the hearing the Plaintiff indicated that she DID STOP AT THE STOP SIGN, and that there was no way that the trooper could see whether she stopped at the stop sign, considering how far the trooper was travelling from the intersection, considering the tall grass on the road that was hiding the stop sign from where the trooper stated she was situated at the time, being before reaching the 711 store, and worse still she

stated she was travelling behind another car.

14.     The Trooper's statement was, "there was a vehicle travelling northbound directly in front of the defendant. that the Plaintiff did not stop at the stop sign, but ACCELERATED and turned left onto Route 28 to continue southbound. The operator in front of the trooper had to slam his/her brakes in order to avoid a COLLISION. The trooper braked HARD to avoid striking the vehicle . She further stated that she activated her emergeny lights and stopped the vehicle at the southern edge of the 7-11 parking lot for violation of RSA 265:30-Failure to to Yield Right of Way at a Stop Sign.  However if the vehicle in front of the Trooper was directly in front of the Plaintiff, and the Trooper was before the 711 store, the troope did not have to slam on her brakes to stop, as there is quite a difference between the intersection where the trooper stated the vehicle in front of her was at, and the area before the 711 store where the trooper stated she was at at the time.

15.     Please keep in mind that the trooper makes it an issue of the Plaintiff s date of birth was ...........09/27/1938.   Where age is no issue under New Hamphsir e law for driving abilities.  That the trooper knew at the hearing that there was not enough evidence of a violation,  she therefore prepared a defense on the age of the Plaintiff and the fact that the Plaintiff had mental incapabilities when the Plaintiff denied that she was guilty of committing a traffic violation.

16.     That the trooper stated that the Plaintiff "immediately demanded to know why she was being stopped". Explaining that she almost caused a crash as she neglected to stop at a stop sign and cut off the vehicle in front of her.

ISSUE

17.     She claimed the Plaintiff became irritated and stated there was NO STOP SIGN there. She said she was trying to get a stop sign there for years. The defendant further

stated that she continued to point out there was a stop sign.

18.     She continued to argue over the erxistence of the stop sign.  After repeadly asking for her license and registration she finally handed over both documents.

19      She was issued a citation .

20.      "Amatucci wrote a letter to the Ossipee District Court regarding THE STOP

MENTAL HEALTH AS IT RELATES TO AGE

21.     The trooper stated, that based upon her interactions with several troopers, it is believed that Amatucci's actions show a pattern of conduct that causes concern of her ability to drive safety and obey traffic laws. Amatucci's erratice driving and disbelief she is committing any motor vehicle violation is concerning.  She seems to believe as long as she did not caue a crash she did nothing wrong.  There is also concern that her MENTAL HEALTH is declining and she is both mentally and physically unable to safely operate a motor vechicle. The State is not unsympathetic to Amatucci being an elderly woman with possible declining health,  but it need to consider the safety of the entire motoring public over the individual.

22.     I respectfully request that Amatucci be required to undergo any examinations the Bureau of Hearings deems necessary to determine whether or not she can operate a motor vehicle without being a risk to the general public.

23.     The Plaintiff is accusing the defendant Trooper of Age Discrimination by  blaming any reaction of the Plaintiff's  response to an unlawful traffic violaion as to an age issue, a mental heath issue, when  the  reaction, a right to redress your grievances is a Constitutional right, to redress  an unlawful seizure,  harrassment , and a  of violation of Due Process. When there is fraudulent misrepresentation of the law,  where New Hampshire law does not allow  any restrictions to drive on the elderly under Statute   RSA 265:22. Reexamination.

WHEREAS:  the Plaintiff is asking for damages as allowed by a  jury of her peers,  for the

violations of her civil rights , as allowed under 1983, when there was NO PROBABLE CAUSE for the defendants to relate to the Plaintiff's age or mental incapacibilites in determining her guilt, under NH law, and where the defendants fraudulently misrepresented and misinterpreted the law when determining whether she had the right to a U-turn on a double yellow line, a VOID JUDGMENT.

Respectfully,

Josephine Amatucci

May 20, 2022

c. Trooper Ray

  Melissa Countway

*Josephine Amatucci* (signature)