

# State of New Hampshire

### DEPARTMENT OF SAFETY
### DIVISION OF MOTOR VEHICLES
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4010  TDD Access Relay NH 7-1-1



Robert L. Quinn
Commissioner of Safety

Elizabeth A. Bielecki
Director of Motor Vehicles

| | |
|---|---|
| JOSEPHINE AMATUCCI | Notice Date: 4/8/2022 |
| PO BOX 272 | Date of Birth: 9/27/1938 |
| WOLFEBORO FALLS, NH 038960272 | Reference #: NHI11884363 |
| | Rescind Date: 4/7/2022 2:45:33 PM |

## NOTICE OF RESCIND

The Division of Motor Vehicles has taken the following action with respect to the Suspension or Revocation
Notice to you as dated above. **The items are proper notification of your present status:**

THE ACTION(S) TAKEN AGAINST YOUR LICENSE/OPERATING PRIVILEGE HAVE BEEN RESCINDED FOR CAC801457, NO FURTHER
ACTION IS REQUIRED

THE ACTION(S) TAKEN AGAINST YOUR REGISTRATION PRIVILEGE HAVE BEEN RESCINDED FOR CAC801457, NO FURTHER ACTION IS
REQUIRED

*Eugene Olden*
Director of Motor Vehicles

NOTICE OF RESCIND (REV 10/17)



**ROBERT L. QUINN
COMMISSIONER OF SAFETY**

# State of New Hampshire
## DEPARTMENT OF SAFETY
### DIVISION OF MOTOR VEHICLES
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE. CONCORD, N.H. 03305
TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)



ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

April 29. 2022

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

Dear Sir/Madam.

The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | May 16,2022 |
| Appointment Time Knowledge Test | 1:30 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing





### State of New Hampshire
**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, N.H. 03305
TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)

ROBERT L. QUINN
COMMISSIONER OF SAFETY

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

April 04, 2022

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

Dear Sir/Madam,

    The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

    In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | April 21,2022 |
| Appointment Time Knowledge Test | 12:50 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

    Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

    If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing

# State of New Hampshire



ROBERT L. QUINN
COMMISSIONER OF SAFETY

DEPARTMENT OF SAFETY
DIVISION OF MOTOR VEHICLES
JAMES H. HAYES SAFETY BUILDING
23 HAZEN DRIVE  CONCORD  NH 03305
TDD Access Relay NH 1-800-735-2964

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

## RED CARD REQUEST

Name: **Josephine Amatucci** of **Wolfeboro** DOB: **09/27/1938**

License # **NHL19257911**

Requested by: **NH State Police – Troop E**

Action Requested: **Re-Exam**

Notes:

Recommendation: Name: Date:

Disposition: *Re-Exam*

Director's Signature: *John C. Marcus* Date: 3/15/22

NH-DMV-FR

DEC 29 2021

Tpr. Rae activated her emergency lights, turned around on Route 28, and stopped the vehicle at the southern edge of the 7-11 parking lot for violation of **RSA 265:30 - Failure to Yield Right of Way at a Stop Sign**. The vehicle was a 2012 Nissan Versa, bearing NH Registration 3672039. The operator was eventually identified as:

### Josephine AMATUCCI
### DOB: 09/27/1938.

As Tpr. Rae made contact with AMATUCCI, she immediately demanded to know why she was being stopped. Tpr. Rae explained she had almost caused a crash as she had neglected to stop at the stop sign and cut off the vehicle in front of me. AMATUCCI became irate and began yelling at Tpr. Rae, telling her there was no stop sign there. She said she has been trying to get a stop sign there for years, but no one would listen to her. Tpr. Rae continued to try to point out there was a stop sign there, but she refused to listen. When Tpr. Rae told AMATUCCI she had cut off the other vehicle, causing both operators to slam their brakes, she stated "obviously I did not" since she had quote not "caused an accident."

AMATUCCI initially would not hand over her license and registration. She continued trying to argue over the existence of the stop sign. After repeatedly asking for her license and registration, she finally handed Tpr. Rae both documents.

AMATUCCI was issued a citation for the above RSA. Tpr. Rae recommended AMATUCCI go check the stop sign so she would see it was in place. She refused, and then ignored Tpr. Rae when she tried to explain the citation. Tpr. Rae got back into her cruiser and cleared from the stop.

AMATUCCI wrote a letter to Ossipee District Court regarding the stop. In the letter she states she did stop at the stop sign, and she was the one who helped put the signs in place. She also states she would be "committing suicide" if she did not stop at the intersection. The letter directly contradicts her statements to Tpr. Rae during the motor vehicle stop.

On June 23rd, 2021 AMATUCCI failed to appear in court for the scheduled trial regarding the above offense. The judge made an administrative finding of guilty after hearing Tpr. Rae's offer of proof.

### Report for Trooper Mark Hensel
### NH State Police - Troop E

On June 3rd, 2021 at approximately 12:09 P.M Tpr. Hensel was traveling southbound on Route 16 in the town of Ossipee when he observed a vehicle traveling northbound stop in the lane of travel. (The vehicle and operator were later identified as AMATUCCI operating her Nissan Versa). After the Nissan stopped, it then pulled into the shoulder area and began initiating a U-Turn while there was both south and northbound traffic. This caused vehicles both north and southbound to stop as everyone was unsure what the vehicle was going to do. The Nissan then completed the U-turn, crossing the double yellow lines, and pulling over into the southbound shoulder. The vehicle in front of Tpr. Hensel continued south, maneuvering around the Nissan. Tpr. Hensel stopped and proceeded to make contact with AMATUCCI.

AMATUCCI was argumentative with Tpr. Hensel and did not believe she did anything wrong. She said she had turned around to pick berries or flowers along that side of the road. Tpr. Hensel issued AMATUCCI a citation for violation of **RSA 265:22 – Yellow/Solid Line**.



NH-DMV-FR

DEC 29 2021

### Trials with AMATUCCI

On December 1st, 2021 Tpr. Hensel and Tpr. Rae each had a trial in Ossipee District Court with AMATUCCI in regards to the above citations. During both trials, AMATUCCI frequently demanded all charges be dropped. She believes she did nothing wrong, and the troopers were wrong to stop her. Judge Countway presided over the trials and continuously had to explain the court rules to AMATUCCI. AMATUCCI constantly talked over the judge, demanding she dismiss the charges. AMATUCCI could not be reasoned with and refused to accept her driving behavior is illegal and dangerous.

Judge Countway found AMATUCCI guilty of both violations. In regards to the violation of **RSA 265:30 - Failure to Yield Right of Way at a Stop Sign**, Judge Countway wrote in her ruling "The Court is also concerned that the Defendant argued that she had the right to operate as she did, since she arrived at the intersection first. The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from failing to stop and failing to yield to oncoming traffic in the manner described in this case."

In regards to the violation of **RSA 265:22 – Yellow/Solid Line**, Judge Countway wrote in her ruling "The Court is also troubled that the Defendant's argument was focused on her belief that her driving was legal. The Court is concerned about the safety of the other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from conducting U-turns in the manner described in this case."

### Report for Trooper Nikita Klimashov
### NH State Police – Troop A

On December 23rd, 2020, Tpr. Klimashov was on patrol in Portsmouth. Tpr. Klimashov was driving on Gosling Road when a blue Nissan Hatchback suddenly pulled out of a gas station parking lot, directly in front of his cruiser, causing him to brake suddenly. The vehicle proceeded to attempt to turn left, the wrong way down Gosling Road, which is separated by a raised concrete median. The driver only stopped once Tpr. Klimashov sounded his air horn. He conducted a traffic stop after the operator had turned and entered the roadway in the correct direction.

When Tpr. Klimashov contacted the driver, she had left her vehicle in drive and began to roll forward while he was standing at her window. The driver had to be asked to provide her license 4 times as she had refused the first 3 times. Tpr. Klimashov identified the driver as the above named AMATUCCI by her NH driver's license. AMATUCCI stated that pulling out in front of Tpr. Klimashov and turning the wrong way on a one-way road was "no big deal" because she had not actually caused an accident. Amatucci went on an incoherent rant about how she was a safe driver and that law enforcement had it out for her. She berated Tpr. Klimashov for several minutes for "wasting her time" and never acknowledged that her motor vehicle operation may have been unsafe.

### REQUEST FOR A MOTOR VEHICLE DRIVER RE-EXAMINATION:

Based upon her above interactions with several troopers, it is believed that AMATUCCI's actions show a pattern of conduct that causes a concern for her ability to drive safely and obey traffic laws. AMATUCCI's erratic driving and disbelief she is committing any motor vehicle violations is concerning. She seems to believe as long as she did not cause a crash, she did nothing wrong. She appears unwilling to change her driving behavior, which is of upmost concern. There is also concern her mental health is declining and she is both mentally and physically unable to safely operate a motor vehicle. The State is

not unsympathetic to AMATUCCI, being an elderly woman with possible declining health, but it needs to consider the safety of the entire motoring public over the individual.

I respectfully request AMATUCCI be required to undergo any examinations the Bureau of Hearings deems necessary to determine whether or not she can operate a motor vehicle without being a risk to the general public.

Thank you for your time and attention to this matter.

Respectfully Submitted,

*Hawley Rae*

Trooper Hawley Rae #1216
NH State Police – Special Investigations Unit
139 Iron Works Road
Concord, NH 03301
Hawley.J.rae@dos.nh.gov
Dispatch: (603) 223-4381
Cell: (603) 931-9005

NH-DMV-FR

DEC 29 2021

# TI._ STATE OF NEW HAMPS..IRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

Carroll County

3rd Circuit - District Division - Ossipee

## State v. JOSEPHINE AMATUCCI

#### 464-2021-CR-00559

### ORDER

The Court held a trial in the above captioned case on December 1, 2021. The State appeared through the State Trooper who issued the ticket in this matter and the Defendant appeared representing herself.

Trooper Hensel testified that he was traveling south bound on Route 16 in Ossipee, New Hampshire on a straight section of roadway. The road in that section contained two lanes of travel separated by a double yellow line. See Exhibits 1 and 2. The Court takes judicial notice that Route 16 is a way in the State of New Hampshire based upon the testimony of the Trooper. The Trooper was following another vehicle. The Trooper observed a car traveling north bound that stopped in its lane of travel. The Trooper testified that the car pulled over to the shoulder then conducted the first part of a "U-turn", stopping near the double yellow line, perpendicular to the lanes of travel. The Trooper observed that the vehicle in front of him, and he, slowed their vehicles to stop, not knowing what the car would do next. The car, which the Trooper ultimately determined was being operated by the Defendant, then continued to complete the U-turn, crossing the double yellow line and pulling over to the opposite shoulder. The car in front of the Trooper continued south, driving around the Defendant and the Trooper made contact with the Defendant and issued a ticket for violating RSA 265:22.

RSA 265:22 provides in general that a vehicle may not cross an unbroken painted line marking the driver's lane. The statute provides exceptions, as relevant to this case, for emergencies, "[t]o permit ingress or egress to side roads or property adjacent to the highway" and "[i]n case such driver has an unobstructed view and can see the end of the said unbroken painted line." RSA 265:22, I.

The Defendant vehemently argued that it was legal for her to cross the double yellow line. She essentially argued that since it is sometimes permissible to cross that line, it was also permissible for her to do so in the manner in which she made her U-turn. She stated that the Trooper had to drop the charge against her and implored the Court to do the same.

A NOT REGARDING A DOUBLE LINE

The Court finds that the Trooper testified credibly and that the State has met its burden of proof with regard to the violation of RSA 265:22. The Court notes that the Trooper testified that the Defendant told him that she was turning around in order to pick some berries or flowers along the side of the road. Exhibits 1 and 2 show the lanes of travel from the north bound and south bound perspectives respectively. There are no side roads or driveways or entrances to adjacent property in that section of Route 16. There is no view of the end of the unbroken painted line. Thus the Court finds that none of the exceptions apply to this matter. The Court therefore finds the Defendant guilty. The statutory fine, according to the face of the ticket issued in this matter is $124. The Court suspends the fine. on

condition of one year of good behavior, which is defined as not committing a Felony, Misdemeanor or <u>any</u> Motor Vehicle violation.

The Court recognizes that the State likely would object to a suspended fine in this matter.  The Court notes that the Defendant stated that she would not pay a fine in this matter, and she was unhappy that the Court was taking the matter under advisement.  She indicated that she is over 80 years old and was clearly upset by these proceedings and the perception that the "process" would not be fair to her.  The Court finds in the interest of justice that a suspended fine, on the conditions identified above will best promote the goals of sentencing in this matter.

The Court is also troubled that the Defendant's argument was focused on her belief that her driving was legal.  The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from conducting U-turns in the manner described in this case.

So Ordered.

December 02, 2021
Date

Signature of Judge

Melissa Countway
Printed Name of Judge

days from the date of issuance **DATE OF ISSUANCE**  **06/03/2021 AT 12:10 PM**

**TO AVOID ANY ADDITIONAL ADMINISTRATIVE FEES OR REINSTATEMENT FEES SEE REVERSE SIDE FOR INSTRUCTIONS AND PENALTY INFORMATION.**

RECEIVED

**DEPARTMENT OF SAFETY**
**FINANCIAL RESPONSIBILITY SECTION -**
PO BOX 3838, CONCORD NH 03305
603-227-4010  http://www.nh.gov/payticket

JUN 17 2021

JUN 30 2021

You must come to the court listed on to answer this complaint.
**3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE**
DISTRICT COURT
**96 WATER VILLAGE ROAD, BOX 2**
STREET
**OSSIPEE**                    **NH**              **03864**
TOWN/CITY                   STATE            ZIP CODE

**THE UNDERSIGNED COMPLAINS THAT THE DEFENDANT: (Please Print)**

**AMATUCCI**              **JOSEPHINE**
LAST NAME              FIRST NAME                MIDDLE NAME
**350 GOV WENTWORTH HWY    WOLFEBORO    NH    03894**
ADDRESS                     CITY          STATE      ZIP CODE
**09   27   1938**   NHL19257911   **NH   D**
DOB  MO   DAY  YR    OP LICENSE #      STATE   CLASS
**F**           **64**       165 lbs    **BRO**      **BRO**
SEX        HEIGHT    WEIGHT   COLOR EYES   COLOR HAIR
**LICENSE PRESENTED:** ☒ YES  ☐ NO

IN THE **3RD** DAY OF **JUNE**  YR **2021**  AT **12:09 PM**
ID OPERATE M.V. REGISTRATION # **3672039**  PLATE TYPE **PASS**  STATE **NH**
MAKE **NISS**  YR **2012** TYPE **VERSA**

☐ COMMERCIAL VEHICLE   ☐ HAZMAT   ☐ 16+ PASSENGER
AT LOCATION:  **OSSIPEE**           GPS  **N43 44.19055' W71 07.7718'**
upon a certain public highway to wit -  **NH-16 / ROUTE 16**
☐ at a speed greater than was reasonable and prudent under the conditions prevailing, to wit, at a rate of
_____ m.p.h the prima facia lawful speed at the time and place of violation being _____ m.p.h.
Contrary to RSA 265:60  ☐ Radar  ☐ Aircraft  ☐ Clocked  ☐ Laser
☐ traveling at a rate of _____ m.p.h., the same being in excess of the maximum lawful speed limit of _____ m.p.h.
☐ did fail and neglect to stop the said vehicle for a certain:
   ☐ stop sign (contrary to RSA 265:31)
   ☐ traffic light (contrary to RSA 265:9) before entering intersection of:

☐ did fail and neglect to have the said vehicle inspected in accordance with the regulation of the Director
   of Motor Vehicles.  Contrary to RSA 266:5.
☐ did fail and neglect to have said vehicle registered in accordance with law.  Contrary to RSA 261:40.
☒ other:  **YELLOW/SOLID LINE VIOLATION**

Contrary to RSA:  **265:22**  Against the peace and dignity of the State.
MAKING A FALSE STATEMENT ON THIS COMPLAINT MAY RESULT IN CRIMINAL PROSECUTION (RSA 592-A:7, I)

IHSP-E              **TR. M. HENSEL**                      **1252**
Department           Complainant                   Badge Number
Complainant Signature

☒ **SERVED IN HAND**          **FINE FROM SCHEDULE $ 124.00**

YOU MUST COMPLETE THE REVERSE SIDE OF THIS FORM
SEE REVERSE FOR INSTRUCTION AND PENALTY INFORMATION
DOS/COURT          **DS No 21-885-492587**      **DSMV 428E (REV 09/01/2017)**

---

☐ Negotiated Plea

**FINDING:**  ☒ Guilty   after trial 12/1/2021   ☐ Not Guilty   ☐ Dismissed
☐ Waiver of Counsel and Rights Acknowledged
☐ Appearance of                                      for the defendant
☐ Nolle Prossed by                          on
                                                            DATE
Continued from _____ to _____ by _____
Continued from _____ to _____ by _____
**SENTENCE:**
☒ Fine of $ **100**  amount suspended $ _____  P.A.$ **24**  Total $ **12?**
                        (amount suspended on conditions stated below)
☐ Time Payment:
☐ Ordered _____ Recommended defendant's license (privileges) to operate a motor vehicle be:
   ☐ suspended  ☐ revoked for a period of _____          ☐ License Forwarded
☐ Defendant placed on probation for a period of
☐ Case continued for sentence  ☐ Complaint placed on file  ☐ with  ☐ without finding
**(This disposition may not apply to CDL operators or commercial vehicle offenses)**
☐ Other

**DEFAULT:**
Fine $ _____  P.A. $ _____  Admin. Fee _____ imposed $ _____  ☐ waived  Total $ _____
Defendant failed to  ☐ appear on _____           ☐ pay on _____
                                    DATE                        DATE
☐ Bench Warrant Ordered _____ (date) issued _____
☐ for  ☐ non-appearance  ☐ non-payment
☐ Bail to be determined by Bail Commissioner $
☐ Bail set by Court $ _____  PR / CASH / SURETY
☐ Other

☐ Recommended license suspension                    Justice Signature
**APPEAL:**
☐ To Superior Court (De Novo trials only):                The Defendant appeals
☐ To Superior Court: To be perfected within 30 days or sentence will be invoked.

Default Date                                    Justice Signature
**12/2/2021**                                   _Melissa B. Countway_
Conviction Date                                Justice Signature
                                               **Melissa B. Countway, Judge**
Original abstract forwarded                      (date)

☒ suspended - see narrative order

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

3rd Circuit - District Division - Ossipee
96 Water Village Rd., Box 2
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF HEARING

FILE COPY

Case Name: **State v. JOSEPHINE AMATUCCI**
Case Number: **464-2021-CR-00559**

The above referenced case(s) has/have been scheduled for:
**Trial**

| Charge ID | Statute | Description |
| --- | --- | --- |
| 1872657C | 265:22 | Yellow/Solid Line Violation |

*IT WAS A DOUBLE YELLOW*

**Date: December 01, 2021**     **96 Water Village Rd., Box 2**
**Time: 1:30 PM**     **Ossipee NH 03864**
**Time Allotted: 1 Hour**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so.  Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted.  **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**

When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing.

### NOTICE OF APPELLATE RIGHTS

A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court.  This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division.  With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.

A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury.  The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11, V in a courtroom or area used by a court.

July 06, 2021

Elaine J. Lowe
Clerk of Court

C:   MARK HENSEL · NH State Police - Troop E; JOSEPHINE AMATUCCI





Go to previous versions of this Section

# 2019 New Hampshire Revised Statutes
# Title XXI - Motor Vehicles
# Chapter 263 - Drivers' Licenses
# Section 263:7 - Reexamination.

**Universal Citation:** NH Rev Stat § 263:7 (2019)

**263:7 Reexamination. –**

I. The director may require with cause any person holding a license to drive motor vehicles or applying for reissue of such license to pass such examination as to the person's qualifications as the director shall prescribe. Such reexamination may include an examination for visual acuity as prescribed by the director. All license examinations shall be conducted by department of safety personnel. No license shall be reissued to such person or continued in effect until the director is satisfied as to such person's fitness to drive a motor vehicle. The age of the license holder shall not constitute cause for reexamination under this section.

II. The director may waive reexamination requirements for a driver who previously held a valid commercial driver license and subsequently had that commercial privilege become inactive as a result of the expiration of his or her medical certification and then obtains a valid medical certification within 24 months of entering the inactive status.

**Source.** RSA 261:3-a. 1955, 294:1. 1957, 25:1. 1963, 271:1. 1967, 376:2. 1981, 146:1. 1999, 290:2. 2011, 79:1, eff. July 15, 2011. 2014, 35:1, eff. July 26, 2014.

**Disclaimer:** These codes may not be the most recent version. New Hampshire may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or

**3rd Circuit Court**

~~Ossipee District Division~~

Josephine Amatucci

**State v. ~~Korbin Tinker~~**

**Docket # 464-2020-CR-~~1000~~ 270**

The Court held ~~a telephonic status~~ an in-person pre-trial hearing on April 28, 2021.

X The State appeared.

X The Defendant appeared.     ___The Defendant failed to appear.

___ Counsel for the Defendant appeared.

**The Matter shall be:**

___ Scheduled for a further status/plea hearing.

X Scheduled for trial. - 1- hour

**Other:** The Court will view the area of the alleged violation.

April 28, 2021
Date

W Cenot

Judge Melissa B. Countway

5586



**RECEIVED**

JAN 18 2022

OSSIPEE
DISTRICT DIVISION

THE STATE OF NEW HAMPSHIRE

3RD CIRCUIT-DISTRICT DIVISION-OSSIPEE

State

v.

Josephine Amatucci                    Case 464-2021-CR-00559

RESPONSE TO COURTS ORDER

DATED   1/4/2022

1.       The Court denied the Defendant a Hearing regarding a traffic violation

and mentioned that the Defendant may pursue her appellate rights.

2.       However,  before the Defendant can  file any appeal, Melissa Countway

must make it clear to the Defendant  that New Hampshire law does not

allow U-Turns across a double solid yellow line,   as the Defendant was making a

U-Turn across a double yellow solid line.

3.        It is the duty of Ms. Countway to respond to this request,  if she believes

there was a violation of New Hampshire law.   As the Defendant cannot appeal

unless this question is answered by Ms. Countway

Resectfully,

1

*1/28/22 The Court respectfully found Ms. Amatucci guilty of the alleged offense and suspended the fine in the interests of justice.  MCourt  MELISSA B. COUNTWAY*

5550

## THE STATE OF NEW HAMPSHIRE

### CARROLL COUNTY DISTRICT COURT

STATE

v.

Josephine Amatucci                                        464-2021-CR-00559

## A MOTION FOR A HEARING

### DEFENDANT IS REQUESTING A HEARING

### BASED ON A FRAUDULENT MISREPRESENTATION

### OF FACTS BY THE JUDGE

1.     The defendant is requesting her right to a hearing as the judge twisted the entire

facts of the case, and instead of just addressing what the defendant was being

charged, by the officer. that ..... "she did not have a legal right to turn around to the

opposite direction of the road...... ON A DOUBLE YELLOW"   This is the only fact this

case is all about.

2.     However, the judge fraudulently based this case under RSA 265:22  which states:

       "a vehicle may not drive to the left of or across an unbroken painted line marked on the

way ".

3.      HELLOOOOOOOOOOO  I was cited for turning my car around in  the opposite

direction ON A DOUBLE YELLOW.   When the police officer stated I had NO LEGAL RIGHT TO

TURN ON A DOUBLE YELLOW.    I did not drive to the left of or across an unbroken painted

line, I drove AROUND a double yellow to the opposite direction.   Which the police officer

admitted was legal under the law.   So I was INNOCENT.

4.      And at the trial he admitted Ihe made a mistake and that I  had a legal right to turn

1

around in the opposite direction on a DOUBLE YELLOW.

5.      The judge misrepresented the facts of the case, to make the officer look innocent
by misrepresenting the facts of the case by citing the case under RSA 265:22.

6.      And because the defendant had a legal right to make a turn on a double yelllow
GUESS WHAT.......SHE IS INNOCENT.

7.      Fraud is never final, therefore the defendant is asking for a HEARING where she
will be found.......... NOT GUILTY.

9.      We need transcribing or a recording in all cases that concern police, because the
judges in a continuing course of conduct have a procedure where police are continually
given some kind of immunity ...........UNDER FRAUD.

10.     There is no fine, there is NO VIOLATION, he defendant is 100 percent innocent
and the court is going to find her innocent.

11.      There is NO SUSPENSION, because there is NO GUILT.

12.      That this case should only have been litigated as to whether the defendant
had a legal right to turn around to the other opposite lane on a double yellow. Which has
nothing to do with RSA 265:22.

13.      It is the police officer who is the one who will be given one year of good behavior,
Trooper Hensel.

14.      I insist on ACCOUNTABILITY.


Respectfully,

Josephine Amatucci

c.    Trooper Hensel

December 9, 2021

2



April 4, 2022

NH DMV · FR OP
APR 07 2022

To: John Marasco
From: Josephine Amatucci

Under the Right To Know Line I am Demanding That you Describe To me under Oath why you are having me Re-Examed and ordering a Road Test. People do not get Road Tests for a Violation Level Traffic Violation.

Therefore the Reason cannot Be Because I was Accused (not Guilty) of a Violation.

Therefore Please State under my 1st & 4th & 14th Amendment Right under Due Process

why you are ordering a Road Test.

I am waiting in the Lobby

Josephine Amatucci

☰
Menu



👤 Log In (/login.html?origin_page=%2F)
(/)

# New Hampshire

New Hampshire (/dmv/new-hampshire/)  /  Rules of the Road and How to Pass THE TEST

## MENU

# U-Turns

◀ BACK (center-left-turn-lanes.html)     NEXT ▶ (end-of-lane-markings.html)

U-turns are sometimes legal, sometimes illegal. What's that you say? You'd like to be able to tell the difference? This must be your lucky day.

You may legally make a U-turn:

1. Across a double yellow line, as long as it is safe and there are no signs prohibiting it. No doing that across a triple yellow line, though. Those are pretty rare (non-existent), but now you know.

2. In a residential area, as long as no oncoming traffic is within 200 feet or there is a traffic signal protecting you from oncoming traffic.

3. At most intersections, as long as there's not a "No U-turn" sign. Make sure you still wait for that green light though. If you'll recall, that means "go."

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

3rd Circuit - District Division - Ossipee
96 Water Village Rd., Box 2
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**JOSEPHINE AMATUCCI**
**PO BOX 272**
**WOLFEBORO FALLS NH  03896**

Case Name:    **State v. JOSEPHINE AMATUCCI**
Case Number:   **464-2020-CR-00270**

Enclosed please find a copy of the Court's Order dated December 02, 2021 relative to:

**Order on December 1, 2021 Trial**

December 06, 2021

Elaine J. Lowe
Clerk of Court

(138)
C:  HAWLEY RAE; Mark Hensel; NH State Police - Troop E

NHJB-2207-DF (07/01/2011)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

Carroll County

3rd Circuit - District Division - Ossipee

## State v. JOSEPHINE AMATUCCI

### 464-2020-CR-00270

### ORDER

The Court held a trial in the above captioned case on December 1, 2021.  The State appeared through the State Trooper who issued the ticket in this matter and the Defendant appeared representing herself.

Trooper Rae testified that she was traveling north bound on Route 28 in Wolfeboro, New Hampshire approaching the intersection of Route 109.  The Court took judicial notice that both Route 28 and Route 109 are ways in the State of New Hampshire.  The Trooper was following another vehicle.  The Trooper observed a car approaching Route 28 from Route 109, which she ultimately determined was being operated by the Defendant who was also identified as the person contesting this case in Court.  The Trooper observed that the Defendant's vehicle did not stop at the stop sign and that she accelerated, making a left turn from Route 109 to Route 28.  The Trooper observed that the vehicle in front of her had to "slam on its brakes" to avoid hitting the Defendant.  The Trooper had slowed down, since she could see what was happening.  The Trooper made contact with the Defendant and issued a ticket for violating RSA 265:30.

RSA 265:30 provides in part "…every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop … and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection."

The Defendant passionately argued that the Trooper had to drop this charge against her.  She implored the Court to do so as well.  She argued that the first vehicle to an intersection has the right of way.  She argued that since she was the first vehicle in the intersection, that she had the right to proceed.  She also argued that the Trooper could not have observed the stop sign from her vantage point due to her distance away and "tall grass."  During a prior Court appearance, the Defendant requested that the Court observe the intersection, and the Court notes that it is familiar with this intersection.

The Court finds that the Trooper testified credibly and that the State has met its burden of proof with regard to the violation of RSA 265:30.  In particular, the Court finds that the Defendant did not stop before entering the intersection, and that she did not yield to oncoming traffic as required by RSA 265:30.  The Court therefore finds the Defendant guilty.  The statutory fine, according to the face of the ticket issued in this matter is $62.  The Court suspends the fine, on condition of one year of good behavior, which is defined as not committing a Felony, Misdemeanor or <u>any</u> Motor Vehicle violation.

The Court recognizes that the State likely would object to a suspended fine in this matter. The Court notes that the Defendant stated that she would not pay a fine in this matter and demanded that the case be dropped. The Defendant seemed upset by these proceedings and the perception that the "process" would not be fair to her. The Court finds in the interest of justice that a suspended fine, on the conditions identified above will best promote the goals of sentencing in this matter.

The Court is also concerned that the Defendant argued that she had the right to operate as she did, since she had arrived at the intersection first. The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from failing to stop and failing to yield to oncoming traffic in the manner described in this case.

Finally, the Court clarifies that the Complaint in this matter had been marked previously by the undersigned to reflect a Nolo Plea. This was whited-out when the Defendant changed her mind during the plea colloquy on April 28, 2021. Next the matter was scheduled for June 23, 2021, and the Court entered an Admin. finding of guilty when the Defendant failed to appear. At that time, the Court imposed the statutory fine of $62. The Defendant filed a Motion to Vacate which the Court granted on July 1, 2021. The Court did not consider any of these procedural history issues in reaching its verdict after the trial on December 1, 2021. Furthermore, the Court now, marks the complaint to cross-reference this narrative order.

So Ordered.

December 02, 2021
Date

Signature of Judge

Melissa Countway
Printed Name of Judge

DOCKET #: __464-2020-CR-00270__    CHARGE ID: __1729147C__

**COMPLAINT** (VIOLATION ONLY)

☒ You DO NOT have to come to court. You **MUST** answer this complaint to the Department of Safety within (30) days from the date of issuance. DATE OF ISSUANCE: __02/26/2020 AT 02:36 PM__

TO AVOID ANY ADDITIONAL ADMINISTRATIVE FEES OR REINSTATEMENT FEES SEE REVERSE SIDE FOR INSTRUCTIONS AND PENALTY INFORMATION.

DEPARTMENT OF SAFETY
FINANCIAL RESPONSIBILITY SECTION - PBM
PO BOX 3838, CONCORD NH 03305
603-227-4010  http://www.nh.gov/payticket

DOCKET #: 464-2020-CR-00270

You must come to the court listed at   on   to answer this complaint.
**3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE**

DISTRICT COURT
96 WATER VILLAGE ROAD, BOX 2

STREET
OSSIPEE          NH          03864
TOWN/CITY       STATE       ZIP CODE

CIRCUIT DISTRICT DIVISION

THE UNDERSIGNED COMPLAINS THAT THE DEFENDANT: (Please Print)

| AMATUCCI | JOSEPHINE | |
|---|---|---|
| LAST NAME | FIRST NAME | MIDDLE NAME |

PO BOX 272   WOLFEBORO FALLS   NH   03896
ADDRESS                   CITY      STATE   ZIP CODE

09   27   1938   NHL19257911   NH   D
DOB MO DAY YR.   OP LICENSE #   STATE   CLASS

F        64            BRO
SEX  RACE  HEIGHT  WEIGHT  COLOR EYES  COLOR HAIR

LICENSE PRESENTED: ☒ YES  ☐ NO

ON THE __26TH__ DAY OF __FEBRUARY__ YR __2020__ AT __02:33 PM__
DID OPERATE M.V. REGISTRATION # __3672039__ PLATE TYPE __PASS__ STATE __NH__
MAKE __NISS__ YR __2012__ TYPE __VERSA__

☐ COMMERCIAL VEHICLE  ☐ HAZMAT  ☐ 16+ PASSENGER
AT LOCATION: __WOLFEBORO__ GPS __N43 37.12731' W71 10.3336;__

Upon a certain public highway to wit - __28 S__

☐ at a speed greater than was reasonable and prudent under the conditions prevailing, to wit, at a rate of _____ m.p.h. the prima facia lawful speed at the time and place of violation being _____ m.p.h.

Contrary to RSA 265:60   ☐ Radar  ☐ Aircraft  ☐ Clocked  ☐ Laser

☐ traveling at a rate of _____ the same being in excess of the maximum lawful speed limit of _____ m.p.h.
did fail and neglect to stop the said vehicle for a certain:

☐ stop sign (contrary to RSA 265:31)
☐ traffic light (contrary to RSA 265:9) before entering intersection of:

☐ did fail and neglect to have the said vehicle inspected in accordance with the regulation of the Director of Motor Vehicles. Contrary to RSA 266:5.
☐ did fail and neglect to have said vehicle registered in accordance with law. Contrary to RSA 261:40.
☒ other: __FAILURE TO YIELD RIGHT OF WAY AT STOP OR YIELD SIGN (1ST OFFENSE)__

Contrary to RSA: __265:30__   Against the peace and dignity of the State. (RSA 592-A:7, I)

MAKING A FALSE STATEMENT ON THIS COMPLAINT MAY RESULT IN CRIMINAL PROSECUTION.

NHSP-E        TR. H. RAE        _Timothy Rae_        1216
Department    Complainant    Complainant Signature    Badge Number

☒ SERVED IN HAND      **FINE FROM SCHEDULE $ 62.00**

YOU MUST COMPLETE THE REVERSE SIDE OF THIS FORM
SEE REVERSE FOR INSTRUCTION AND PENALTY INFORMATION.

DOS/COURT        DS No 20-885-392869      DSMV 428E (REV 09/01/2017)

---

**PLEA:** ☐ Guilty  ☐ Not Guilty  ☐ Nolo Contendere
☐ Change of Plea  ☐ Not Guilty to Guilty  ☐ Not Guilty to Nolo
☐ Negotiated Plea  _vacated 7/1/21_

**FINDING:** ☒ Guilty ~~Admin~~  ☐ Not Guilty  ☐ Dismissed

_Guilty after trial 12/1/2021 (MC)_

☐ Waiver of Counsel and Rights Acknowledged
☐ Appearance of _____ for the defendant
☐ Nolle Prossed by _____ on _____ DATE

Continued from _____ to _____ by _____
Continued from _____ to _____ by _____

**SENTENCE:**
☒ Fine of $ __50__ amount suspended $ _____ P.A. $ __12__ Total $ __62__  _(*)_
☐ Time Payment _(amount suspended on conditions stated below)_

_fine is suspended 12/2/21_

☐ Ordered  ☐ Recommended defendant's license (privileges) to operate a motor vehicle be:
☐ suspended  ☐ revoked for a period of _____  ☐ License Forwarded
☐ Defendant placed on probation for a period of _____
☐ Case continued for sentence  ☐ Complaint placed on file  ☐ with  ☐ without finding

_(This disposition may not apply to CDL operators or commercial vehicle offenses)_

☐ Other

_Prior negotiated plea was not entered on 4/28/21 after the Defendant changed her mind. Trial was scheduled on 6/23/21. The State appeared + Defendant did not. Admin Finding of Guilt entered after offer of proof._

**DEFAULT:**
Fine $ _____  P.A. $ _____  Admin Fee ☐ imposed $ _____ ☐ waived  Total $ _____
Defendant failed to ☒ appear on __6/23/21__  ☐ pay on _____
                                      DATE                          DATE

☐ Bench Warrant Ordered _____ (date) issued _____ (date)
☐ for  ☐ non-appearance  ☐ non-payment
☐ Bail to be determined by Bail Commissioner $ _____
☐ Bail set by Court $ _____ PR / CASH / SURETY
☐ Other _____

☐ Recommended license suspension        _____ Justice Signature

**APPEAL:**
☐ To Superior Court (De Novo trials only): _____ The Defendant appeals.
☐ To Superior Court: To be perfected within 30 days or sentence will be invoked.

__6/23/2021__    _(MC)_    _Wm Countway_
Default Date                Justice Signature

_Vacated 7/1/21_        **Melissa B. Countway, Judge**
Conviction Date    (date)    Justice Signature

Original abstract forwarded

_(*) see narrative 12/2/2021_    _Wm Countway_
                                 **Melissa B. Countway, Judge**





# State of New Hampshire
## DEPARTMENT OF SAFETY
## DIVISION OF MOTOR VEHICLES
### STEPHEN E. MERRILL BUILDING
### 23 HAZEN DRIVE, CONCORD, N.H. 03305
### TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)

ROBERT L. QUINN
COMMISSIONER OF SAFETY

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

May 06, 2022

*ATTENTION: I will not have to Appear unless under the LAW. Under what Legal Right does the Dept. of Safety have to take away my liberty. What am I being of that the Dept. has a Legal Right to Order me to be Retested.*

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

*You don't get re-tested for a Traffic Violation in New Hampshire. You don't get re-tested because of your age in New Hampshire. You have no Legal Right to Please respond to cite any Legal Right to Discriminate Against me*

Dear Sir/Madam.

The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | May 27,2022 |
| Appointment Time Knowledge Test: | 1:30 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing





*State of New Hampshire*

DEPARTMENT OF SAFETY
DIVISION OF MOTOR VEHICLES
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, N.H. 03305
TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)



ROBERT L. QUINN
COMMISSIONER OF SAFETY

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

May 06, 2022

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

Dear Sir/Madam,

   The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

   In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | May 27,2022 |
| Appointment Time Knowledge Test | 1:30 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

   Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

   If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing

# TITLE XXI
# MOTOR VEHICLES

## CHAPTER 265
## RULES OF THE ROAD

## Overtaking and Passing, Highway Markings, Right of Way

### Section 265:22

**265:22 Highway Markings. –**

I. The commissioner of transportation and, subject to his approval, selectmen of any town or board of mayor and aldermen or group having similar powers in any city, having control of any highway may order such marking of ways, by painted lines, as is deemed necessary to the safe and efficient use of any such way. In ordering or approving such marking the commissioner of transportation insofar as is practicable shall conform to nationally accepted standards and any marking of the way by painted lines shall prima facie be deemed to be approved or ordered by the commissioner of transportation. When the single center line highway marking method is used, no driver of a vehicle shall, while proceeding along a way, drive any part of such vehicle to the left of or across an unbroken painted line marked on the way by order of or with the approval of the said commissioner, except as herein otherwise provided and when the barrier line highway marking system is employed, no driver of a vehicle shall, while proceeding along a way, drive any part of such vehicle to the left of or across an unbroken painted line marked on the way in such driver's lane by order of or with the approval of said commissioner except:

(a) In an emergency; or

(b) To permit ingress or egress to side roads or property adjacent to the highway; or

(c) In case such driver has an unobstructed view and can see the end of the said unbroken painted line; or

(d) In order to pass a pedestrian, a motorized wheelchair, a mobility scooter or device, or a device moved by human power, including a bicycle, skateboard, or foot-scooter, provided such movement can be made safely; or

(e) In order to comply with RSA 265:37-a, I.

II. The fine for a violation of this section shall be $100.

**Source.** RSA 262-A:21. 1963, 330:1. 1981, 146:1. 2004, 257:33. 2005, 177:46, eff. July 1, 2005. 2018, 46:1, eff. July 14, 2018. 2021, 128:1, 2, eff. Sept. 21, 2021.

Bluebeam®

Download Your Free Trial Now

Open

Campbell v. Walker, 78 Atl. 601, 603, 2 Boyce (Del.) 41. "The owner of an automobile has the same right as the owner of other vehicles to use the highway,* * * A traveler on foot has the same right to the use of the public highways as an automobile or any other vehicle."

Simeone v. Lindsay, 65 Atl. 778, 779; Hannigan v. Wright, 63 Atl. 234, 236. "The RIGHT of the citizen to DRIVE on the public street with freedom from police interference, unless he is engaged in suspicious conduct associated in some manner with criminality is a FUNDAMENTAL CONSTITUTIONAL RIGHT which must be protected by the courts." People v. Horton 14 Cal. App. 3rd 667 (1971) "The right to make use of an automobile as a vehicle of travel long the highways of the state, is no longer an open question. The owners thereof have the same rights in the roads and streets as the drivers of horses or those riding a bicycle or traveling in some other vehicle."

House v. Cramer, 112 N.W. 3; 134 Iowa 374; Farnsworth v. Tampa Electric Co. 57 So. 233, 237, 62 Fla. 166. "The automobile may be used with safety to others users of the highway, and in its proper use upon the highways there is an equal right with the users of other vehicles properly upon the highways. The law recognizes such right of use upon general principles.

Brinkman v Pacholike, 84 N.E. 762, 764, 41 Ind. App. 662, 666. "The law does not denounce motor carriages, as such, on public ways. They have an equal right with other vehicles in common use to occupy the streets and roads. It is improper to say that the driver of the horse has rights





BLOG    ABOUT ⌄    LUKE UNCENSORED ⌄    MEMBERS ⌄    AST    TEH    CMU ⌄    DONATE

STORE    CONTACT

# U.S. SUPREME COURT SAYS NO LICENSE NECESSARY TO DRIVE AUTOMOBILE ON PUBLIC ROADS

Posted by Jeffrey Phillips | Jul 21, 2015 | ★★★☆☆



### U.S. SUPREME COURT AND OTHER HIGH COURT CITATIONS PROVING THAT NO LICENSE IS NECESSARY FOR NORMAL USE OF AN AUTOMOBILE ON COMMON WAYS

**JOIN WE ARE CHANGE!**

YOUR EMAIL

SUBSCRIBE

**FOLLOW US**

| Facebook | Twitter | YouTube | Instagram |
|---|---|---|---|
| 586k Follow | 293k Followers | 784k Follow | 103k Follow |

**POST ARCHIVE**

Select Month ⌄

**BLOG CATEGORIES**

Select Category ⌄



# State of New Hampshire
## Department of Safety
### Division of Motor Vehicles
23 Hazen Drive, Concord, NH 03305
Telephone: (603) 227-4050 Relay NH 7-1-1

Robert L. Quinn
Commissioner of Safety



Elizabeth A. Bielecki
Director of Motor Vehicles

## REQUEST FOR ADMINISTRATIVE ACTION
### *For Law Enforcement Use Only*

NH-DMV-FR

DEC 29 2021

To:   Director of Motor Vehicles
Stephen E. Merrill Building
23 Hazen Drive
Concord, NH 03305
Email: dos.dmv.admin@dos.nh.gov
Fax: 603-271-7800

Agency:   New Hampshire State Police - Troop E          Date:   12/29/2021
PO Box 235
West Ossipee, NH 03890
(603) 323-3333

RE: Operator Name:   Josephine Amatucci          DOB:   09/27/1938
Address:   350 Gov Wentworth Hwy
Wolfeboro, NH 03894
License Number:   NHL19257911          State:   NH

### The above individual was involved in the following:
- [ ] Motor Vehicle Accident with Fatality
- [x] Improper Driving / Incompetency
- [ ] False Statement on License
- [ ] Other: _____

- [ ] Motor Vehicle Accident with Serious Injury
- [ ] Medical Reasons
- [ ] False Statement on Registration

### Requested Action (choose one):
- [x] Motor Vehicle Driver Re-Examination
- [ ] Motor Vehicle Hearing

- [ ] Immediate Suspension
- [ ] Other (describe): _____

**BASIS FOR ACTION (supporting documentation for this incident or accident must be attached):**

*PLEASE SEE ATTACHED REPORT*

Arrested: [ ] YES [x] NO     Summoned: [x] YES [ ] NO     Charge:   RSA 265:30 (Failure to Stop/Yield)

_____
Officer's (Requestor) Signature

Trooper Hawley L. Rae #1216
Officer's Name (print/type)

_____
Approving Official's Signature

12/29/2021
Date

DSMV 384 (Rev 01-20)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Portsmouth
111 Parrott Ave.
Portsmouth NH  03801-4402

Telephone:  1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF CLEARED DEFAULT

**JOSEPHINE AMATUCCI**
**PO BOX 272**
**WOLFEBORO FALLS NH 03896**

Case Name:     **State v. JOSEPHINE AMATUCCI**
Case Number:   **470-2021-CR-00003**

| Charge ID: | RSA: | Violation Date: | Offense: |
|---|---|---|---|
| 1819831C | 265:23 | 12/23/2020 | Failure to Keep Right - Rotary |

The default was cleared with the court on April 07, 2022 and the Administrative Fee was paid.

<u>INSTRUCTIONS TO THE DEFENDANT:</u>

If you present yourself to the Division of Motor Vehicles prior to the suspension date, a restoration fee will not be imposed. If the suspension date has already passed you must pay the $100.00 restoration fee to restore your driving privileges to the Division of Motor Vehicles.

**New Hampshire Division of Motor Vehicles**
**Bureau of Financial Responsibility**
**23 Hazen Drive, Concord, NH 03305**
**Telephone: 603-227-4010**

**WARNING**: YOU SHALL NOT OPERATE A MOTOR VEHICLE IF THE SUSPENSION DATE HAS PASSED UNTIL YOUR LICENSE HAS BEEN RESTORED IN WRITING BY THE DIVISION OF MOTOR VEHICLES.

April 07, 2022

Tracy L. Meyer
Clerk of Court

(4701142)


Case is now Closed

NHJB-2885-D (12/31/2019)



# State of New Hampshire
### DEPARTMENT OF SAFETY
Robert L. Quinn, Commissioner of Safety
#### *Division of State Police*
James H. Hayes Safety Building, 33 Hazen Drive, Concord, NH 03305



Colonel Nathan A. Noyes
*Director*

**DATE:**       December 29th, 2021

**TO:**         Bureau of Hearings

**FROM:**       Trooper Hawley Rae
                New Hampshire Department Safety
                Division of State Police – Troop E

## NH-DMV-FR
### DEC 29 2021

**SUBJECT:**    Request for Administrative Action

**NAME:**       Josephine Amatucci
**ADDRESS:**    350 Governor Wentworth Hwy
                Wolfeboro, NH 03896
**DOB:**        09/27/1938

**NH License #:**   NHL19257911

**BASIS FOR ACTION:**

### Report for Trooper Hawley Rae #1216
### NH State Police – Troop E

On February 26th, 2020 at approximately 2:33 P.M Tpr. Rae was traveling northbound on Route 28 in the town of Wolfeboro. She was on patrol as a State Trooper, in a fully marked cruiser at the time. Tpr. Rae was approaching the intersection of Route 28 and Route 109. Vehicles approaching Route 28 from Route 109 have a stop sign prior to turning onto Route 28. There is also a flashing red light at the intersection, an additional warning for motorists approaching from Route 109 to stop.

As Tpr. Rae continued approaching the intersection, she observed a vehicle, a Nissan Versa, traveling on Route 109, quickly approaching the intersection. There was also a vehicle traveling northbound directly in front of Tpr. Rae. She observed the Nissan traveling on Route 109 did not stop at the stop sign, but accelerated and turned left onto Route 28 to continue southbound. The operator in front of Tpr. Rae had to slam his/her brakes in order to avoid a collision. Tpr. Rae also braked hard to avoid striking the vehicle in front of her.

NH-DMV-FR

DEC 2 9 2021

Tpr. Rae activated her emergency lights, turned around on Route 28, and stopped the vehicle at the southern edge of the 7-11 parking lot for violation of RSA 265:30 - **Failure to Yield Right of Way at a Stop Sign.** The vehicle was a 2012 Nissan Versa, bearing NH Registration 3672039. The operator was eventually identified as:

<div align="center">

**Josephine AMATUCCI**
**DOB: 09/27/1938.**

</div>

As Tpr. Rae made contact with AMATUCCI, she immediately demanded to know why she was being stopped. Tpr. Rae explained she had almost caused a crash as she had neglected to stop at the stop sign and cut off the vehicle in front of me. AMATUCCI became irate and began yelling at Tpr. Rae, telling her there was no stop sign there. She said she has been trying to get a stop sign there for years, but no one would listen to her. Tpr. Rae continued to try to point out there was a stop sign there, but she refused to listen. When Tpr. Rae told AMATUCCI she had cut off the other vehicle, causing both operators to slam their brakes, she stated "obviously I did not" since she had quote not "caused an accident."

AMATUCCI initially would not hand over her license and registration. She continued trying to argue over the existence of the stop sign. After repeatedly asking for her license and registration, she finally handed Tpr. Rae both documents.

AMATUCCI was issued a citation for the above RSA. Tpr. Rae recommended AMATUCCI go check the stop sign so she would see it was in place. She refused, and then ignored Tpr. Rae when she tried to explain the citation. Tpr. Rae got back into her cruiser and cleared from the stop.

AMATUCCI wrote a letter to Ossipee District Court regarding the stop. In the letter she states she did stop at the stop sign, and she was the one who helped put the signs in place. She also states she would be "committing suicide" if she did not stop at the intersection. The letter directly contradicts her statements to Tpr. Rae during the motor vehicle stop.

On June 23rd, 2021 AMATUCCI failed to appear in court for the scheduled trial regarding the above offense. The judge made an administrative finding of guilty after hearing Tpr. Rae's offer of proof.

<div align="center">

**Report for Trooper Mark Hensel**
**NH State Police – Troop E**

</div>

On June 3rd, 2021 at approximately 12:09 P.M Tpr. Hensel was traveling southbound on Route 16 in the town of Ossipee when he observed a vehicle traveling northbound stop in the lane of travel. (The vehicle and operator were later identified as AMATUCCI operating her Nissan Versa). After the Nissan stopped, it then pulled into the shoulder area and began initiating a U-Turn while there was both south and northbound traffic. This caused vehicles both north and southbound to stop as everyone was unsure what the vehicle was going to do. The Nissan then completed the U-turn, crossing the double yellow lines, and pulling over into the southbound shoulder. The vehicle in front of Tpr. Hensel continued south, maneuvering around the Nissan. Tpr. Hensel stopped and proceeded to make contact with AMATUCCI.

AMATUCCI was argumentative with Tpr. Hensel and did not believe she did anything wrong. She said she had turned around to pick berries or flowers along that side of the road. Tpr. Hensel issued AMATUCCI a citation for violation of **RSA 265:22 – Yellow/Solid Line.**

NH-DMV-FR

DEC 29 2021

### Trials with AMATUCCI

On December 1st, 2021 Tpr. Hensel and Tpr. Rae each had a trial in Ossipee District Court with AMATUCCI in regards to the above citations. During both trials, AMATUCCI frequently demanded all charges be dropped. She believes she did nothing wrong, and the troopers were wrong to stop her. Judge Countway presided over the trials and continuously had to explain the court rules to AMATUCCI. AMATUCCI constantly talked over the judge, demanding she dismiss the charges. AMATUCCI could not be reasoned with and refused to accept her driving behavior is illegal and dangerous.

Judge Countway found AMATUCCI guilty of both violations. In regards to the violation of **RSA 265:30 - Failure to Yield Right of Way at a Stop Sign,** Judge Countway wrote in her ruling "The Court is also concerned that the Defendant argued that she had the right to operate as she did, since she arrived at the intersection first. The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from failing to stop and failing to yield to oncoming traffic in the manner described in this case."

In regards to the violation of **RSA 265:22 – Yellow/Solid Line,** Judge Countway wrote in her ruling "The Court is also troubled that the Defendant's argument was focused on her belief that her driving was legal. The Court is concerned about the safety of the other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from conducting U-turns in the manner described in this case."

### Report for Trooper Nikita Klimashov
### NH State Police – Troop A

On December 23rd, 2020, Tpr. Klimashov was on patrol in Portsmouth.  Tpr. Klimashov was driving on Gosling Road when a blue Nissan Hatchback suddenly pulled out of a gas station parking lot, directly in front of his cruiser, causing him to brake suddenly. The vehicle proceeded to attempt to turn left, the wrong way down Gosling Road, which is separated by a raised concrete median. The driver only stopped once Tpr. Klimashov sounded his air-horn. He conducted a traffic stop after the operator had turned and entered the roadway in the correct direction.

When Tpr. Klimashov contacted the driver, she had left her vehicle in drive and began to roll forward while he was standing at her window. The driver had to be asked to provide her license 4 times as she had refused the first 3 times. Tpr. Klimashov identified the driver as the above named AMATUCCI by her NH driver's license. AMATUCCI stated that pulling out in front of Tpr. Klimashov and turning the wrong way on a one-way road was "no big deal" because she had not actually caused an accident. Amatucci went on an incoherent rant about how she was a safe driver and that law enforcement had it out for her. She berated Tpr. Klimashov for several minutes for "wasting her time" and never acknowledged that her motor vehicle operation may have been unsafe.

### REQUEST FOR A MOTOR VEHICLE DRIVER RE-EXAMINATION:

Based upon her above interactions with several troopers, it is believed that AMATUCCI's actions show a pattern of conduct that causes a concern for her ability to drive safely and obey traffic laws. AMATUCCI's erratic driving and disbelief she is committing any motor vehicle violations is concerning. She seems to believe as long as she did not cause a crash, she did nothing wrong. She appears unwilling to change her driving behavior, which is of upmost concern. There is also concern her mental health is declining and she is both mentally and physically unable to safely operate a motor vehicle. The State is

not unsympathetic to AMATUCCI, being an elderly woman with possible declining health, but it needs to consider the safety of the entire motoring public over the individual.

I respectfully request AMATUCCI be required to undergo any examinations the Bureau of Hearings deems necessary to determine whether or not she can operate a motor vehicle without being a risk to the general public.

Thank you for your time and attention to this matter.

Respectfully Submitted,

*Hawley Rae*

Trooper Hawley Rae #1216
NH State Police – Special Investigations Unit
139 Iron Works Road
Concord, NH 03301
Hawley.l.rae@dos.nh.gov
Dispatch: (603) 223-4381
Cell: (603) 931-9005

NH-DMV-FR
DEC 29 2021